UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEWAYNE PARKER,<br><br>　　　　　Petitioner,<br><br>　　v.<br><br>UNKNOWN,<br><br>　　　　　Respondent. | 1:23-cv-00197-CDB (HC)<br><br>ORDER TRANSFERRING CASE TO THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA |

Petitioner, a state prisoner proceeding pro se, has filed a habeas corpus action pursuant to 28 U.S.C. § 2254. Although not entirely clear from the face of the petitioner, Petitioner seems to challenge a conviction he sustained in the Superior Court of California, County of Napa, denominated in the petition as "Case Number 22CR001834" (Doc. 1 pp. 1, 6), as well as "illegal custody" he alleges he suffered when "booked in the Napa County Jail." (*Id.* p.7). In addition, as of the date of this order, the Court takes judicial notice that Petitioner currently is in the custody of the Napa County Department of Corrections and appears to be undergoing criminal proceedings in Napa County.[1]

The federal venue statute requires that a civil action, other than one based on diversity

---

[1] *See* "Napa County Criminal Justice Network – Public In Custody Report," available at https://services.countyofnapa.org/CJNetWeb/Public/InCustodyReport (last visited May 24, 2023). The Court may take judicial notice of facts that can be accurately and readily determined from sources whose accuracy cannot be reasonable question. Fed R. Civ. P. 201(b)(2).

jurisdiction, be brought only in "(1) a judicial district where any defendant resides, if all defendants are residents of the State in which the district is located, (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated, or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." 28 U.S.C. § 1391(b).

In this case, the petitioner is challenging a conviction from Napa County, which is in the Northern District of California. He separately appears to challenge the fact of his detention in the Napa County Jail, also in the Northern District of California. Therefore, the petition should have been filed in the United States District Court for the Northern District of California. In the interest of justice, a federal court may transfer a case filed in the wrong district to the correct district. See 28 U.S.C. § 1406(a); Starnes v. McGuire, 512 F.2d 918, 932 (D.C. Cir. 1974).

Accordingly, IT IS HEREBY ORDERED that this matter is transferred to the United States District Court for the Northern District of California.

IT IS SO ORDERED.

Dated: **May 24, 2023**

UNITED STATES MAGISTRATE JUDGE